IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| | ) |
| DAVID WEHMEYER and | ) CASE NO. 05-40531-H3-13 |
| LYDIA WEHMEYER, | ) |
| | ) |
| Debtors, | ) |
| | ) |

MEMORANDUM OPINION

The court has held a hearing on the "Motion to Set Aside Notice of Termination and Vacate Default Order Lifting Stay and to Reconsider Motion to Lift Stay" (Docket No. 48).  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered denying the motion.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

David Wehmeyer and Lydia Wehmeyer ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on July 6, 2005.  William E. Heitkamp is the Chapter 13 Trustee.

On December 27, 2005, Mountain States Mortgage Center ("MSMC") filed a motion for relief from the automatic stay (Docket No. 20).  An agreed order was entered with respect to MSMC's motion on March 22, 2006 (Docket No. 34).

The agreed order contained stipulations of Debtors and MSMC as to the amounts due post-petition, and required that Debtors modify their Chapter 13 plan to provide for payment of the agreed post-petition amount owed. The order also required, _inter alia_, that Debtors make regular monthly payments to MSMC, of principal, interest and escrows; maintain insurance; pay ad valorem property taxes; make all payments called for by Debtors' Chapter 13 plan.

The agreed order provided that, if Debtors failed to comply, Movant was required to give notice to Debtors and their counsel, and, if Debtors failed to comply within 10 days, provided for termination of the automatic stay.

On June 8, 2006, MSMC filed a document titled "Notice of Termination of Automatic Stay" (Docket No. 47). The notice states that Debtors failed to make their regular monthly mortgage payments for March 2006 and April 2006, that MSMC gave notice to Debtors and their counsel of the default, and that Debtors failed to cure their default within 10 days.

In response, Debtors filed the instant motion. In the instant motion, Debtors did not address their failure to pay the regular monthly mortgage payments. Instead, Debtors addressed only the question of whether their proposed plan modification should be approved. Debtors' counsel argued that their inability to make payments arose from confusion as to whether the court's

procedures require that Debtors pay their regular monthly mortgage payments through the Trustee.

The court set the instant motion for hearing.  At the hearing, counsel for Debtors and counsel for MSMC appeared.  Counsel for Debtors stated that he had anticipated calling one of the Debtors as a witness.  However, Debtors were not present.  Thus, Debtors presented no evidence in support of the instant motion.

## Conclusions of Law

The instant motion was filed more than ten days after the date of entry of the agreed order on MSMC's motion for relief from stay.  Accordingly, Rule 60(b), Fed. R. Civ. P., as made applicable by Bankruptcy Rule 9024, controls disposition of the instant motion.  That rule provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b), Fed. R. Civ. P.

The movant seeking relief from an order pursuant to Bankruptcy Rule 9024 bears the burden of proof.  In re Wheeler, 323 B.R. 758 (Bankr. W.D. Wash. 2005); See also, Harper Macleod Solicitors v. Keaty & Keaty, 260 F.3d 389 (5th Cir. 2001)(movant under Rule 60 bears the burden of proof).

In the instant case, Debtors presented no evidence in support of the instant motion.  The court concludes that Debtors have failed to meet their burden of proof.

Based on the foregoing, a separate Judgment will be entered denying the "Motion to Set Aside Notice of Termination and Vacate Default Order Lifting Stay and to Reconsider Motion to Lift Stay" (Docket No. 48).

Signed at Houston, Texas on August 7, 2006.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE